While I concur with the majority's conclusion with respect to the tenth assignment of error based on the state of the record here that Judge Bettis has been "specifically" certified to perform the sentencing in this case pursuant to an assignment by the Chief Justice of the Supreme Court of Ohio by authority of Section 5(A)(3), Article IV, Ohio Constitution, it appears appropriate to amplify its analysis by way of a cursory focus on the seminal rationale expressed in Beatty.
Parenthetically, this writer, however, observes that this particular "certified" designation would perhaps not be viewed as entirely compatible with Crim.R. 25(B) since the vehicle of judicial notice would provide the conclusion that the Lake County Court of Common Pleas' General Division is composed of more than a single judge, and, thus, the Chief Justice would not have the authority to make such assignment under Crim.R. 25(B). Further, there is no indication that the administrative judge of that court made a designation of one other than the trial judge to administer the sentencing exercise here.
To this writer's knowledge, the thrust of the Beatty case has not been watered down by later pronouncements of the Supreme Court of Ohio on this issue. Its message is a simple and clear one, "unless unable to do so, the judge who presided at a criminal trial must also preside at post-conviction proceedings, including sentencing." (Emphasis added.)Beatty, 43 Ohio St.2d at 127. Rhetorically, does "ten days later" mean unable to do so?
Thus, I suggest that the majority's position on this question should be embellished with a strong caveat that Beatty means what it says. The underlying rationale for this common sense expectation is obvious. This conclusion is reinforced by an old Polish proverb "On kto kieruje Krowa muszie dostac Mleko od Krowy." I see no reason why "unable" should be shrunken by judicial fiat until it has no residual qualities.
Additionally, this writer is mindful of the Sixth District's application of waiver to the sentencing exercise by a substitute judge. However, that issue is not before us here since the transcript indicates a timely objection was interposed by appellant to Judge Bettis' sentencing exercise here.